**Ganesh RAM, Petitioner,**

**v.**

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 07–1003–ag.**

United States Court of Appeals, Second Circuit.

Nov. 15, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Kai W. De Graaf, New York, NY, for Petitioner.

Michael B. Mukasey, U.S. Attorney General; Linda S. Wendtland, Assistant Director; Robert N. Markle, Attorney, Office of Immigration Litigation, U.S. Dep't of Justice, Washington, DC, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Ganesh Ram, a native and citizen of Guyana, seeks review of a February 12, 2007 order of the BIA, denying his motion to reopen his removal proceedings. *In re Ganesh Ram,* No. A79–812–973 (B.I.A. Feb. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (internal quotation marks and citation omitted).

We conclude that the BIA did not abuse its discretion when it denied Ram's motion to reopen his case. We have held that claims of ineffective assistance of counsel, often raised to the BIA in motions to reopen, are rooted in the Fifth Amendment's Due Process Clause, and in the statutory right to counsel (at the alien's

expense) in expulsion proceedings. 8 U.S.C. §§ 1229a (b)(4)(A), 1362; *Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994). The Fifth Amendment right is not violated unless counsel's performance is so poor as to impinge on the fundamental fairness of the proceedings. *Rabiu,* 41 F.3d at 882. This requires a showing "that 1) 'competent counsel would have acted otherwise,' and 2) 'that [the noncitizen] was prejudiced by his counsel's performance.'" *Id.* at 882 (quoting *Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993)).

■ Here, the BIA found that Ram "failed to demonstrate prejudice." In order to show prejudice, a noncitizen must make a prima facie showing that, but for the alleged ineffective assistance, he or she would have been eligible for the relief sought. *Id.* Ram argues that his counsel's ineffectiveness resulted in the denial of his application for asylum. However, even accepting that it was counsel's error that resulted in the untimely filing of that application, Ram does not show that he would have established eligibility for asylum were his application timely filed.

To establish eligibility for asylum, an applicant must show that he or she has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The persecution suffered must result from the actions of either the government of a country or persons or an organization that the government is unable or unwilling to control. *Matter of Acosta,* 19 I. & N. Dec.

211, 222 (BIA 1985); *cf. Rizal v. Gonzales,* 442 F.3d 84, 92 (2d Cir.2006).

The BIA denied Ram's motion to reopen because he had not "proffered any evidence" that would change the Immigration Judge's ("IJ") finding that he had "failed to demonstrate that the Government of Guyana is unable or unwilling to protect him from persecution." The IJ noted that "when respondent's house was burned ... he called the police, the police came, and ... an arrest was made." Although the IJ made this finding in denying Ram's application for withholding of removal, it would be equally applicable to Ram's application for asylum, *see Pavlova v. INS,* 441 F.3d 82, 91 (2d Cir.2006), as well as his CAT claim, *see* 8 C.F.R. § 1208.18(a)(1).

Because Ram offers no evidence as to how counsel's alleged ineffective assistance prejudiced him, the BIA did not abuse its discretion in denying Ram's motion to reopen. *See Rabiu,* 41 F.3d at 882–83.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.